**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHAWN K. DEMPSKY, : | |
| : | Civil Action |
| Plaintiff, : | No. 05-4483 (JBS) |
| : | |
| v. : | |
| : | **O P I N I O N** |
| R. WALKER, et al. : | |
| : | |
| Defendants. : | |

SHAWN K. DEMPSKY, #73901c/481881, Plaintiff <u>Pro Se</u>
Mid State Correctional Facility
P.O. Box 866
Range Road
Wrightsown, New Jersey 08562

**SIMANDLE, DISTRICT JUDGE**

Plaintiff Shawn K. Dempsky ("Dempsky"), a prisoner confined at the Mid State Correctional Facility in Wrigtstown, New Jersey ("Mid State"), seeks to bring this action <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915 (1998). Based upon his affidavit of indigence and his prison account statement, this Court will (1) grant Plaintiff's application to proceed <u>in forma pauperis</u>; (2) direct the Clerk of the Court to file the Complaint without pre-payment of the filing fee; (3) assess the $250.00 filing fee against Plaintiff;(4) direct the New Jersey Department of Corrections ('DOC") to deduct an initial partial filing fee payment of $7.60 from Plaintiff's prison account and forward same to the Clerk of the Court, when funds exist in Plaintiff's

account; and (5) direct the DOC to forward payments from Plaintiff's institutional account to the Clerk of the Court each month the amount in the account exceeds $10.00, until the $150.00 filing fee is paid in full, regardless of the outcome of the litigation.  See 28 U.S.C. §1915 (a), (b) (1), (b) (2), (b) (4).

Pursuant to 28 U.S.C. §§ 1915 (e) (2) and 1915A, the Court has reviewed the Complaint to identify cognizable claims.  The Court will dismiss the Complaint as against Defendant Bayside State Prison and the New Jersey Department of Corrections and permit the Complaint to proceed as against Defendant R. Walker.

## I. BACKGROUND

Plaintiff alleges violations of his rights secured by the Constitution and laws of the United States in an action brought under 42 U.S.C. § 1983.[1]  Defendants are Bayside State Prison ("Bayside"), the New Jersey Department of Corrections; and R.

---

[1] 42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Walker, a senior correctional officer at Bayside. (Compl., Caption and paragraph 4.)

Plaintiff asserts the following facts:

> On May 25th, 2005, I was brutally attacked by five inmates from other units and also my housing unit at Bayside State Prison in Leesburg, N.J.. The "on Duty" officer, SCC R. Walker, violated the rules by letting several inmates enter my unit. These inmates along with several others from my unit entered my cell and attacked me violently. The resulting injuries were treated at a local hospital and are included in the medical records. I also feel that the D.O.C. and Bayside prison are directly involved in this incident because R. Walker should have been trained properly for occurrences such as this by the D.O.C. and Bayside Prison. (Compl., Statement of Claims.)

## II. DISCUSSION

The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental entity or employee. 28 U.S.C. §§ 1915(e)(2)(B); 1915A. The Act requires the Court to identify cognizable claims and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant who is immune from such relief. (Id.)

A.  Standard for Dismissal

Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8 (a) (2); accord Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993).  The Court "must determine whether, under any reasonable reading of the pleadings, the plaintiff[] may be entitled to relief, and . . . must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom."  Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citing Holder v. Allentown, 987 F.2d 188, 194 (3d Cir. 1993)); Eli Lily & Co. v. Roussel Corp., 23 F. Supp.2d 460, 474 (D.N.J. 1998) (citing Nami and Holder).  "A pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972); Then v. I.N.S., 58 F. Supp.2d 422, 429 (D.N.J. 1999), aff'd sub nom. Then v. Quarantino, 208 F.3d 206 (3d Cir. 2000).  "Under our liberal pleading rules, during the initial stage of litigation, a district court should construe all allegations in a complaint in

4

favor of the complainant" and give "credit to the allegations of the complaint as they appear[] in the complaint." Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997); see also Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992). But a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding whether dismissal is appropriate. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997); see also Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."). "When it appears beyond doubt that no relief could be granted under any set of facts which could be proved consistent with the allegations of the complaint, a dismissal pursuant to Rule 12(b)(6) is proper." Robinson v. Fauver, 932 F. Supp. 639, 642 (D.N.J. 1996) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

To establish a violation of 42 U.S.C. § 1983, the Plaintiff must demonstrate that the challenged conduct was committed by a person acting under color of state law and that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. See West v. Atkins, 487 U.S. 42, 48-49 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d

Cir. 1994); Shaw v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990). Section 1983 does not confer substantive rights, but provides a remedy for the deprivation of rights protected by federal law. Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985); see also Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 590 (3d Cir. 1998).

Plaintiff also must assert and prove some causal connection between a Defendant and the alleged wrongdoing in order to recover against that Defendant. See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Lee-Patterson v. New Jersey Transit Bus Operations, Inc., 957 F. Supp. 1391, 1401-02 (D.N.J. 1997). "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing Parratt, 451 U.S. at 537 n.3). Causal connection is shown where a Defendant (1) participated in violating Plaintiff's rights; (2) directed others to violate them; (3) as the person in charge, had knowledge of and acquiesced in his subordinates' violations; or (4) tolerated past or ongoing misbehavior. Friedland v. Fauver, 6 F. Supp.2d. 292, 302-03 (D.N.J. 1998) (citing Baker v. Monroe Tp., 50 F.3d 1186, 1190-91 & n.3 (3d Cir. 1995)). See also Nami, 82 F.3d at 67 (allegations that prison officials and Commissioner of Corrections were on actual notice of violations through letters written to them by inmates and failed to remedy the

6

situation were sufficient to state a claim under 42 U.S.C. § 1983).

The Court will construe the Complaint as raising the claim of deliberate indifference to Plaintiff's safety by the failure to protect him from physical injury by other inmates, in violation of the Eighth Amendment. The Court will now analyze Plaintiff's claim to determine whether dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A is warranted.

B.  Failure to Protect

Plaintiff's factual recital raises a failure to protect claim in violation of the Eighth Amendment. Under the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, including personal safety. Farmer v. Brennan, 511 U.S. 825, 832 (1994). Prison officials must take reasonable measures "to protect prisoners from violence at the hands of other prisoners." Id. at 833 (internal quotations omitted). "Being violently assaulted in prison is simply 'not a part of the penalty that criminal offenders pay for their offenses against society." ' Id. at 834 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). However, negligence, or a lack of due care under the circumstances, is insufficient to support a cognizable failure to protect claim under § 1983. Davidson v. Cannon, 474 U.S. 344, 347 (1986).

In order to state a viable claim for a failure to protect a prisoner from harm, Plaintiff must show that he faced a pervasive risk of harm from other prisoners or guards and that the prison officials displayed deliberate indifference to this danger. See Riley v. Jeffes, 777 F.2d 143, 147 (3d Cir. 1985).

Plaintiff must first satisfy an objective requirement under the aforesaid standard by showing that he was "incarcerated under conditions posing a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 835 (1994). Plaintiff must then satisfy a subjective element and show that a prison official "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. "The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." (Id.) "[A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Id. at 842. An inmate is not required to give advance notice to officials of the risk of harm, and actual knowledge of the risk can be inferred from circumstantial evidence of the obviousness of the risk. Id. In addition, "[a] pervasive risk of harm may not ordinarily be shown by pointing to a single incident or isolated incidents, but it may be established by much less than proof of a reign of

violence and terror." <u>Riley</u>, 777 F.2d at 147 (citation omitted).  <u>See also</u> <u>Ingalls v. Florio</u>, 968 F.Supp. 193, 199 (D.N.J. 1997).

A prison official or corrections officer, when faced with the knowledge of a substantial risk of serious harm to a prisoner, must take "reasonable measures to abate it" or his inaction will constitute deliberate indifference to that risk. <u>Farmer</u>, 511 U.S. at 847.  <u>See also</u> <u>Alford v. Owen</u>, 2005 WL 2033685, *6 (D.N.J. Aug. 23, 2005)

In light of these principles, Plaintiff appears to have set forth facts sufficient to support a failure to protect claim with respect to Defendant Walker.  <u>Compare</u> <u>Taylor v. Plousis</u> 101 F.Supp.2d 255, 269 (D.N.J. 2000)(no suggestion that any defendant knew the plaintiff would be at risk by placing him in contact with other inmates).  Liberally construed, the Complaint asserts that this Defendant was deliberately indifferent to the harm that might befall Plaintiff if other inmates were allowed access to Plaintiff's housing unit.  As Plaintiff may be able to show that Defendant Walker knew that Plaintiff faced an excessive risk of attack and nevertheless deliberately failed to act, the Complaint will be permitted to proceed as against him.[2]

---

[2] The Court also notes that supervisors may not be held liable under § 1983 based upon a <u>respondeat</u> <u>superior</u> theory. <u>See</u> <u>Rode</u>, 845 F.2d at 1207 (3d Cir. 1988).

9

With respect to the remaining Defendants, the New Jersey Department of Corrections and Bayside State Prison are not "persons" subject to suit under § 1983.  See Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989) (neither state nor its officials acting in their official capacities are "persons" under federal civil rights statute); Marsden v. Federal B.O.P., 856 F.Supp. 832, 836 (S.D.N.Y. 1994); Agnew v. St. Joseph County Jail, 1996 WL 534928 (N.D.Ind. Aug 14, 1996); Powell v. Cook County Jail, 814 F.Supp. 757, 758 (N.D.Ill. 1993); McCoy v. Chesapeake Correctional Center, 788 F.Supp. 890, 893-894 (E.D.Va. 1992).

### III. CONCLUSION

Based on the foregoing discussion, the Court will dismiss the Complaint against the New Jersey Department of Corrections and Bayside State Prison, and permit the Complaint to proceed as against Defendant Walker.

An appropriate Order accompanies this Opinion.

                                                 s/ Jerome B. Simandle
                                                 **JEROME B. SIMANDLE**
                                                 **UNITED STATES DISTRICT JUDGE**

**DATED:   September 29  , 2005**