```
                 IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| SHAWN K. DEMPSKY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>R. WALKER, et al.,<br><br>　　　　　Defendant. | HON. JEROME B. SIMANDLE<br><br>Civil Action<br>No. 05-4483 (JBS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE**, District Judge:

　　The Plaintiff, Shawn Dempsky, brought this action under 42 U.S.C. § 1983, naming as the defendants, Bayside State Prison, the New Jersey Department of Corrections, and R. Walker, a senior correctional officer at Bayside.  His Complaint asserted as follows:

> "On May 25th, 2005, I was brutally attacked by five inmates from other units and also my housing unit at Bayside State Prison in Leesburg, NJ.  The 'on duty' officer, SCO R. Walker violated the rules by letting several inmates enter my unit.  These inmates along with several others from my unit entered my cell and attacked me violently.  The resulting injuries were treated at a local hospital and are included in the medical records.  I also feel that the D.O.C. and Bayside Prison are directly involved in this incident because R. Walker should have been trained properly for occurrences such as this by the D.O.C. and Bayside Prison."

He alleges that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment.  This Court,

in its preliminary review of the Complaint, dismissed claims against Bayside State Prison and the New Jersey Department of Corrections for failure to state a claim upon which relief may be granted, for reasons stated in the Opinion and Order of September 29, 2005.  The action was permitted to proceed, however, against Corrections Officer R. Walker since it was conceivable that, if Walker had prior knowledge of a specific risk to Dempsky, that Dempsky might be able to prove a deliberate indifference to that risk rising to the level of the wanton infliction of punishment prohibited by the Eighth Amendment.  (Opinion filed Sept. 29, 2005 at 7-10.)  Defendant Walker now moves to dismiss the Complaint for failure to state a claim and alternatively for summary judgment, on the ground that Mr. Dempsky failed to exhaust his administrative remedies.  Mr. Dempsky submitted his opposition on January 30, 2006, and the matter is now ripe for determination.

## DISCUSSION OF LAW

The State Defendant alleges that plaintiff has failed to exhaust his administrative remedies and that his complaint must therefore be dismissed.  It is apparent that this complaint, regarding conditions of confinement of an incarcerated inmate, is subject to the Prison Litigation Reform Act of 1996 ("PLRA"), which requires prisoners asserting a claim under 42 U.S.C. § 1983

2

to first exhaust administrative remedies.  The PLRA, at 42 U.S.C. § 1997e(a) provides that:

> "No action may be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

The Supreme Court has held that such exhaustion of available remedies is mandatory, even if the available administrative processes cannot grant the desired remedy.  Booth v. Churner, 532 U.S. 731 (2002).  The Supreme Court has further determined that this statute applies not only to general prison conditions, but also to "occurrences", such as the attack by fellow inmates in the present case.  Porter v. Nussle, 531 U.S. 516, 524 (2002).

Where the inmate handbook recites the available grievance procedure, the Third Circuit has held that the PLRA's exhaustion requirement applies to that procedure and requires exhaustion. Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002).

In his moving papers and attachments, the defendant has established that at the time of the incident in question, Bayside State Prison had an Inmate Handbook which provides that the administrative remedy procedures are created to provide a system of communication which encourages internal problem solving and establishes lines of direct communication between inmates and institutional staff.  (Baals Aff., Ex. A to Def. Br.)  Mid-State

3

Correctional Facility, to which plaintiff was moved after this incident, similarly has the administrative grievance procedure as described in the Handbook available to all inmates.  (Ralph Aff., Ex. C to Def. Br.)  The inmate has access to the Administrative Remedy Forms in his Housing Unit, or he may obtain them from his social worker or the law library.  (See Ralph Aff. and Baals Aff., supra.)  The procedure simply requires the inmate to complete and submit the form describing his grievance with reasonable particularity so that an administrative investigation could be conducted.  When the inmate receives a response, he may, if dissatisfied, file an appeal within 10 days of receiving the response.  The administrator makes the final decision.

In the present case, Mr. Dempsky failed to submit any administrative remedy forms pertaining to the events in his complaint, despite having used this mechanism in the past. (Ralph Aff., supra).

In his opposition, Mr. Dempsky alleges that he did not file an administrative remedy form because he did not know he was supposed to and because he did not have paper available.  It is clear, however, from the affidavits that the forms required no additional paper and that the forms themselves were available. It is also clear, as discussed above, that Mr. Dempsky knew of the existence of such forms and in fact has used them to bring

4

his problems in other instances to the administration's attention.

The law is clear that this claim under Section 1983 cannot go forward in this Court because the plaintiff has failed to use the available administrative remedies, such as those remedies provided in the inmate handbooks of Mid-State Correctional Facility and Bayside State Prison.  He has never given the authorities at Bayside State Prison the opportunity to investigate whether SCO Walker failed to protect him by permitting inmates to enter plaintiff's cell area.

Accordingly, the defendant is entitled to summary judgment, there being no material fact in dispute, pursuant to Rule 56, Fed. R. Civ. P.

## CONCLUSION

For the above-stated reasons, the Court finds that summary judgment should be entered in favor of defendant Walker and plaintiff's Complaint must be dismissed for failure to exhaust his available administrative remedies prior to bringing suit.

**March 21, 2006**          s/ Jerome B. Simandle
Date                              JEROME B. SIMANDLE
                            United States District Judge

5